Ira Scot Meyerowitz (IM-2449)
LAW FIRM OF IRA SCOT MEYEROWITZ
347 Fifth Avenue
Suite 1300
New York, New York 10016
Tel: (212) 686-7006
Fax: (212) 686-7113

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
GENERAL ELECTRIC CAPITAL CORPORATION,   **ANSWER TO AMENDED COMPLAINT**

                Plaintiff,

      -against-   08 Civ. 03378 (SHS)

Demand for Jury Trial

RURAK OCEAN TOURS, INC., ROYAL TOURS
SERVICE, INC., HIROAKI ONUKI, MICHAEL
COLANGELO, PREMIER COACH, INC., AGIM
LAZOJA,

                Defendants.   **Electronically Filed**
---------------------------------------------------------------------X

Defendants Rurak Ocean Tours, Inc. ("Rurak"), Royal Tours Service, Inc. ("Royal"), Hiroaki Onuki ("Onuki"), Michael Colangelo ("Colangelo"), Premier Coach, Inc. ("Premier"), and Agim Lazoja ("Lazoja") (collectively referred to hereinafter as the "Defendants"), by their attorneys, the Law Firm of Ira Scot Meyerowitz, as and for their Answer to the Amended Complaint ("Complaint"), alleges as follows:

## JURISDICTION AND THE PARTIES

1. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in this corresponding paragraph of the Complaint.

2. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in this corresponding paragraph of the Complaint.

3. Defendants deny the allegations contained in this corresponding paragraph of the Complaint.

4. Defendants admit the truth of the allegations contained in this corresponding paragraph of the Complaint.

5. Defendants deny the truth of the allegations contained in this corresponding paragraph of the Complaint.

6. Defendants deny the truth of the allegations contained in this corresponding paragraph of the Complaint.

7. Defendants deny the truth of the allegations contained in this corresponding paragraph of the Complaint.

8. Defendants deny the truth of the allegations contained in this corresponding paragraph of the Complaint.

9. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in this corresponding paragraph of the Complaint.

### AS AND FOR PLAINTIFF'S FIRST CAUSE OF ACTION

10. Defendants repeat and reallege each of the foregoing allegations of this Answer as though fully set forth herein.

11. Defendants deny the allegations contained in this corresponding paragraph of the Complaint and respectfully refer the Court to the agreements referred to herein for a legal and accurate interpretation of the terms and conditions contained therein; except

Defendants admit that, on or about October 8, 1998, Royal did enter into a Commercial Transportation Lease Agreement with GE.

12. Defendants deny the truth of the allegations contained in this corresponding paragraph of the Complaint.

13. Defendants deny knowledge or information sufficient to for a belief as to the truth of the allegations contained in this corresponding paragraph of the Complaint.

14. Defendants deny the allegations contained in this corresponding paragraph of the Complaint and respectfully refer the Court to the agreements referred to herein for a legal and accurate interpretation of the terms and conditions contained therein; except Defendants admit that, on or about April 1, 2007, Royal did enter into a Lease Renewal Amendment and that a representative of Rurak signed a Corporate Guaranty and Master Security Agreement with GE on or about May 31, 2007.

15. Defendants deny the truth of the allegations contained in this corresponding paragraph of the Complaint and respectfully refer the Court to the agreements referred to herein for a legal and accurate interpretation of the terms and conditions contained therein, including that of default; except Defendants admit that it did not make certain monthly lease payments.

16. Defendants deny the allegations contained in this corresponding paragraph of the Complaint.

17. Defendants deny the truth of the allegations contained in this corresponding paragraph of the Complaint and respectfully refer the Court to the agreements referred to herein for a legal and accurate interpretation of the terms and conditions contained therein, including that of the right to acceleration and stipulated loss value.

18. Defendants deny the allegations contained in this corresponding paragraph of the Complaint.

19. Defendants deny the allegations contained in this corresponding paragraph of the Complaint.

20. Defendants deny the allegations contained in this corresponding paragraph of the Complaint.

## AS AND FOR PLAINTIFF'S SECOND CAUSE OF ACTION

21. Defendants repeat and reallege each of the foregoing allegations of this Answer as though fully set forth herein.

22. Defendants deny the allegations contained in this corresponding paragraph of the Complaint and respectfully refer the Court to the agreements referred to herein for a legal and accurate interpretation of the terms and conditions contained therein; except Defendants admit that, on or about March 27, 1997, Royal did enter into a Lease Agreement, as modified, with debis Financial Services, Inc. d/b/a DDC-MTU Financial Services.

23. Defendants deny the truth of the allegations contained in this corresponding paragraph of the Complaint.

24. Defendants deny knowledge or information sufficient to for a belief as to the truth of the allegations contained in this corresponding paragraph of the Complaint.

25. Defendants deny the allegations contained in this corresponding paragraph of the Complaint and respectfully refer the Court to the agreements referred to herein for a legal and accurate interpretation of the terms and conditions contained therein; except

Defendants admit that, on or about April 1, 2007, Royal did enter into a Lease Renewal Amendment with GE on or about July 1, 2005.

26. Defendants deny the truth of the allegations contained in this corresponding paragraph of the Complaint and respectfully refer the Court to the agreements referred to herein for a legal and accurate interpretation of the terms and conditions contained therein, including that of default; except Defendants admit that it did not make certain monthly lease payments.

27. Defendants deny the allegations contained in this corresponding paragraph of the Complaint.

28. Defendants deny the truth of the allegations contained in this corresponding paragraph of the Complaint and respectfully refer the Court to the agreements referred to herein for a legal and accurate interpretation of the terms and conditions contained therein, including that of the right to acceleration.

29. Defendants deny the allegations contained in this corresponding paragraph of the Complaint.

30. Defendants deny the allegations contained in this corresponding paragraph of the Complaint.

### AS AND FOR PLAINTIFF'S THIRD CAUSE OF ACTION

31. Defendants repeat and reallege each of the foregoing allegations of this Answer as though fully set forth herein.

32. Defendants deny the allegations contained in this corresponding paragraph of the Complaint and respectfully refer the Court to the agreements referred to herein for a legal and accurate interpretation of the terms and conditions contained therein; except

Defendants admit that, on or about March 15, 2000, Rurak did enter into a Commercial Transportation Lease Agreement with GE.

33. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in this corresponding paragraph of the Complaint.

34. Defendants deny the allegations contained in this corresponding paragraph of the Complaint and respectfully refer the Court to the agreements referred to herein for a legal and accurate interpretation of the terms and conditions contained therein; except Defendants admit that, on or about December 30, 2005, Rurak did enter into a Promissory Note with GE.

35. Defendants deny the allegations contained in this corresponding paragraph of the Complaint and respectfully refer the Court to the agreements referred to herein for a legal and accurate interpretation of the terms and conditions contained therein; except Defendants admit that, on or about December 30, 2005, Rurak did enter into a Master Security Agreement with GE.

36. Defendants deny the allegations contained in this corresponding paragraph of the Complaint and respectfully refer the Court to the agreements referred to herein for a legal and accurate interpretation of the terms and conditions contained therein; except Defendants admit that, on or about December 29, 2005, Royal did sign the Corporate Guaranty referred to herein.

37. Defendants deny the truth of the allegations contained in this corresponding paragraph of the Complaint and respectfully refer the Court to the agreements referred to herein for a legal and accurate interpretation of the terms and conditions contained

therein, including that of default; except Defendants admit that it did not make certain monthly lease payments.

38. Defendants deny the allegations contained in this corresponding paragraph of the Complaint.

39. Defendants deny the truth of the allegations contained in this corresponding paragraph of the Complaint and respectfully refer the Court to the agreements referred to herein for a legal and accurate interpretation of the terms and conditions contained therein, including that of the right to declare a default.

40. Defendants deny the allegations contained in this corresponding paragraph of the Complaint.

41. Defendants deny the allegations contained in this corresponding paragraph of the Complaint.

## AS AND FOR PLAINTIFF'S FOURTH CAUSE OF ACTION

42. Defendants repeat and reallege each of the foregoing allegations of this Answer as though fully set forth herein.

43. Defendants deny the allegations contained in this corresponding paragraph of the Complaint and respectfully refer the Court to the agreements referred to herein for a legal and accurate interpretation of the terms and conditions contained therein; except Defendants admit that, on or about May 31, 2007, Rurak did enter into a Master Security Agreement with GE.

44. Defendants deny the truth of the allegations contained in this corresponding paragraph of the Complaint and respectfully refer the Court to the agreements referred to

herein for a legal and accurate interpretation of the terms and conditions contained herein.

45. Defendants deny the truth of the allegations contained in this corresponding paragraph of the Complaint and respectfully refer the Court to the agreements referred to herein for a legal and accurate interpretation of the terms and conditions contained therein.

46. Defendants deny the allegations contained in this corresponding paragraph of the Complaint.

## AS AND FOR PLAINTIFF'S FIFTH CAUSE OF ACTION

47. Defendants repeat and reallege each of the foregoing allegations of this Answer as though fully set forth herein.

48. Defendants deny the allegations contained in this corresponding paragraph of the Complaint.

49. Defendants deny the truth of the allegations contained in this corresponding paragraph of the Complaint.

50. Defendants deny the truth of the allegations contained in this corresponding paragraph of the Complaint.

51. Defendants deny the allegations contained in this corresponding paragraph of the Complaint.

## AS AND FOR PLAINTIFF'S SIXTH CAUSE OF ACTION

52. Defendants repeat and reallege each of the foregoing allegations of this Answer as though fully set forth herein.

53. Defendants deny the allegations contained in this corresponding paragraph of the Complaint.

54. Defendants deny the truth of the allegations contained in this corresponding paragraph of the Complaint.

55. Defendants deny the truth of the allegations contained in this corresponding paragraph of the Complaint.

56. Defendants deny the allegations contained in this corresponding paragraph of the Complaint.

**AS AND FOR PLAINTIFF'S SEVENTH CAUSE OF ACTION**

57. Defendants repeat and reallege each of the foregoing allegations of this Answer as though fully set forth herein.

58. Defendants deny the allegations contained in this corresponding paragraph of the Complaint.

59. Defendants deny the allegations contained in this corresponding paragraph of the Complaint.

**AS AND FOR PLAINTIFF'S EIGHTH CAUSE OF ACTION**

60. Defendants repeat and reallege each of the foregoing allegations of this Answer as though fully set forth herein.

61. Defendants deny the allegations contained in this corresponding paragraph of the Complaint.

62. Defendants deny the truth of the allegations contained in this corresponding paragraph of the Complaint.

63. Defendants deny the truth of the allegations contained in this corresponding paragraph of the Complaint.

64. Defendants deny the allegations contained in this corresponding paragraph of the Complaint.

65. Defendants deny the allegations contained in this corresponding paragraph of the Complaint.

## DEFENDANTS' AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action.

### SECOND AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred by the Statute of Limitations.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate damages.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff negligently caused its own damages and, therefore, the amount recoverable shall be diminished in proportion to which the culpable conduct attributable to Plaintiff bears to the culpable conduct which caused the damages.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred on the grounds it has unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of waiver and/or laches.

**SEVENTH AFFIRMATIVE DEFENSE**

The alleged defendant guarantors herein were defrauded and/or coerced into signing said guarantees and, for these reasons, said guarantees are invalid and unenforceable.

**EIGHTH AFFIRMATIVE DEFENSE**

One or more guarantees referred to herein were forgeries and therefore the party who purportedly signed is neither bound nor liable thereon.

**NINETH AFFIRMATIVE DEFENSE**

Plaintiff did not transfer, sell, auction, and/or assign the collateral subject to the lease, master security agreements and/or guarantees in a commercially reasonable manner.

**TENTH AFFIRMATIVE DEFENSE**

The guarantees were satisfied by the sale of the buses subject to said guarantees.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff has no standing herein because it failed to provide proper, as required under the lease, master security agreements and/or guarantees.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff has no standing herein because it failed to provide Defendants with the opportunity to cure, as required under the lease, master security agreements and/or guarantees.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff breached the lease and master security agreements and violated the provisions set forth in the guarantees.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff failed to act in a commercially reasonable manner.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff failed to join a necessary and/or proper party.

### SIXTEENTH AFFIRMATIVE DEFENSE

Agim Lazoja is an improper proper to this action and all claims against him are without merit and fail to state a cause of action.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff failed to accurately and/or properly set-off against the amounts it alleges are due and owing certain payments, credits and/or claims made by Defendants.

**WHEREFORE**, Defendants respectfully demand judgment dismissing the Amended Complaint in its entirety and with prejudice, and granting Defendants all attorneys' fees, costs and disbursements of this action, and for such further relief as this Court deems just and proper.

### DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendants demand a trial by jury on all questions of fact raised by the Amended Complaint.

Dated: New York, New York
July 8, 2008

THE LAW FIRM OF IRA SCOT MEYEROWITZ

By: _____/s/_____
    Ira Scot Meyerowitz (IM-2449)
347 Fifth Avenue, Suite 1300
New York, New York 10016
Tel: (212) 686-7006
Fax: (212) 686-7113

*Attorneys for Defendants*